UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE LEE THOMPSON,

        Plaintiff,                            CIVIL ACTION NO. 05-CV-60232-DT

v.                                           DISTRICT JUDGE JOHN CORBETT O'MEARA

ATTORNEY GRIEVANCE             MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSION,

        Defendants

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The Complaint should be dismissed due to Plaintiff's failure to exhaust his constitutional challenges in proceedings before the Michigan Supreme Court.

\* \* \*

      Plaintiff, Eddie Lee Thompson, a state prisoner currently incarcerated at the Newberry Correctional Facility (NCF), in Newberry, Michigan filed the instant complaint seeking federal court intervention over the Michigan Attorney Grievance Commission ("Commission") and the state's attorney discipline process. Plaintiff filed his complaint on October 5, 2005, requesting that the federal court exercise superintending control over the Commission in order to hear a grievance he filed against a Michigan attorney.

      Plaintiff filed the grievance with the Commission on December 31, 2004, against the attorney who had represented him in a criminal matter. He claimed that the attorney had not provided him with the effective assistance of counsel in violation of his Sixth Amendment rights. The Commission sent a letter to Plaintiff on January 19, 2005,

explaining that the grievance against the attorney was being dismissed for lack of merit. Plaintiff was informed that if he disagreed with the Commission's determination, he could file a petition with the Michigan Supreme Court seeking superintending control.

Plaintiff filed an application for leave to appeal with the Michigan Supreme Court on September 8, 2005, seeking review of Defendant's determination. The application, however, was dismissed without prejudice on September 14, 2005, for failure to pay the appropriate filing fee. Instead of paying the filing fee of $375.00, or filing a motion seeking *forma paupers* status, Plaintiff filed the instant action seeking federal court intervention in the Commission proceedings and the attorney discipline process.

ABSTENTION

It has been nearly 35 years since the Supreme Court instructed federal courts that the principles of equity, comity and federalism in certain circumstances counsel abstention in deference to ongoing state proceedings. Younger v. Harris, 401 U.S. 37 (1971). In Younger, the Court held that a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury. The Court reasoned that important federalism concerns require a proper respect for state functions, a recognition of the fact that the nation is a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways. Id. at 44.

Since Younger, the Supreme Court has applied abstention to state civil proceedings which involve important state interests and to a variety of state administrative proceedings. In Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423 (1982),

the Supreme Court set out a three part test for determining when the abstention doctrine should be applied in state civil proceedings:

> 1) Do state bar disciplinary hearings within the constitutionally prescribed jurisdiction of the State Supreme Court constitute an ongoing state judicial proceeding;
>
> 2) do the proceedings implicate important state interests; and
>
> 3) is there an adequate opportunity in the state proceedings to raise constitutional challenges?
>
> Id. at 432.

In Feiger v. Thomas, 74 F.3d. 740, 745 (6th Cir. 1996), the Sixth Circuit held that Michigan's rules for lawyer conduct and attorney discipline satisfy the first and second parts of the tests for federal abstention.

The third requirement for Younger abstention is that there be an adequate opportunity in the state proceedings to raise constitutional challenges. As the Supreme Court stated in Moore v. Sims, 442 U.S. 415, 425-426 (1979), "abstention is appropriate unless state law clearly bars the interposition of the constitutional claims." The Court emphasized that "the burden on this point rests on the federal plaintiff to show that state procedural law barred presentation of [its] claims." Id. at 432.     In the instant case, Plaintiff has not met this burden. He still has an adequate opportunity before the Michigan Supreme Court to raise any constitutional claims against the Commission. While Plaintiff's application for leave to appeal was dismissed without prejudice by the Michigan Supreme Court for failure to pay the requisite filing fee, he can file a motion and affidavit to waive the fee if he can show indigency or some other reason for not being able to make the

payment.[1]  It must be noted that Plaintiff was able to obtain *forma pauperis* status in order to file the instant action in federal court (See Docket #3).  Since Plaintiff continues to have an opportunity to raise his constitutional challenges in proceedings before the Michigan Supreme Court, the instant action should be dismissed, under the doctrine of federal abstention, until there has been exhaustion of state court remedies.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge O'Meara's acceptance thereof is waived.

>   s/Donald A. Scheer
>   DONALD A. SCHEER
>   UNITED STATES MAGISTRATE JUDGE

DATED: December 15, 2005

---

### CERTIFICATE OF SERVICE

I hereby certify on December 15, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 15, 2005.  **Eddie Lee Thompson.**

>   s/Michael E. Lang
>   Deputy Clerk to
>   Magistrate Judge Donald A. Scheer
>   (313) 234-5217

---

[1] Michigan Court Rule (MCR) 7.319 provides in pertinent part that "a person who is unable to pay a filing fee may ask the Court to waive the fee by filing a motion and affidavit disclosing the reason for that inability."